J. J. Boll et al. *v.* United States.

### MEMORANDUM TO ACCOMPANY ORDER

LAWRENCE, Judge : In this proceeding 22 appeals for a reappraisement enumerated in the attached schedule and made a part of this decision were consolidated for trial and determination.

The importations to which these appeals relate consist of steel drills, exported from Germany by R. Stock & Co. to Avildsen Tools and Machines, Inc., the real importer, the plaintiffs herein acting as customs broker.

Entry of the merchandise was made at the invoiced and entered values claimed by plaintiffs to be the export values of "such" merchandise as defined by law.

The appraisement was made on the basis of foreign value of "similar" merchandise.

The case was originally tried and submitted on May 18, 1959. At that time, plaintiffs introduced the testimony of Hermann Rhauda, export sales manager of the Avildsen Tools and Machines, Inc., together with various documentary exhibits. The Government introduced a sample drill of the kind under consideration and the case was submitted.

On May 27, 1959, the submission was set aside and the case restored to the calendar upon motion by the Government.

The case again came on for trial June 2, 1959. Plaintiffs recalled its witness Rhauda to testify regarding translations of certain exhibits which were received in evidence and other general testimony on the subject.

The Government introduced the testimony of Milton A. Block, an examiner at the port of New York, who gave testimony with respect to importations of twist drills by other importers together with certain documentary exhibits.

On May 24, 1960, the court, in a memorandum opinion, *J. J. Boll et al.* v. *United States*, 44 Cust. Ct. 737, Reap. Dec. 9717—which is incorporated herein by reference—reviewed the evidence and found that the imported merchandise was not "similar" to twist drills sold for home consumption in Germany. There was also evidence that "such" drills were not sold for home consumption in Germany, and that the appraisement was, therefore, erroneous.

The court was also of the opinion that plaintiffs' evidence, designed to establish export value, was insufficient in that certain vital elements of export value had not been proved.

Under these circumstances, the court, in the interest of justice, *sua sponte* restored the case to the calendar, "* * * in order that both

parties may have an opportunity to present evidence upon which a finding of value under one of the statutory bases may be made."

The case again came on for trial November 21, 1960. Plaintiffs again recalled its witness Rhauda who testified that the price paid for the drills in controversy was the same regardless of the quantity ordered, which was designed to establish the usual wholesale quantity. Rhauda identified a Walter Gutsche, who was in the employ of R. Stock & Co., the exporter of the subject drills, and an affidavit prepared by Gutsche was received in evidence as exhibit 12. In it he deponed that he had been associated in business with R. Stock & Co. for 10 years in the capacity of export officer; that he was familiar with the orders for drills given to Stock & Co., by Avildsen Tools and Machines, Inc., N.Y., during the period of exportation herein; and that Stock had not made such drills for any one other than Avildsen either for inland consumption or for export.

Gutsche stated that he was familiar with all offers for sale made by Stock and that "no offers to sell such drills were made to any person or persons other than Avildsen Tools and Machines, Inc., either for home consumption in Germany or for export to the United States, and that no inquiries for such drills were received from any one other than Avildsen Tools and Machines, Inc."

The foregoing statements by Gutsche corroborate in substance the testimony of Rhauda. If, therefore, no offers to sell such drills were made to any person or persons other than Avildsen Tools and Machines, Inc., either for consumption in Germany or for export to the United States, one of the requirements of proof of export value, that such merchandise was "freely offered for sale to all purchasers," has not been fulfilled. However, as noted in the brief of the Government, "Mr. Rhauda did testify under cross-examination that his firm freely offered and sold the involved imported merchandise in the United States to all purchasers in the ordinary course of trade. Hence, there may be a United States value but the importer has elected, in the face of such evidence, *not* to establish any values thereunder."

There is nothing before the court to indicate why evidence was not produced to supply all the statutory elements of United States value. However, in view of the fact that 22 importations are involved in this proceeding, it is again deemed in the interest of justice to set aside the submission herein and restore the case to the calendar for further hearing, to the end that the court may eventually have a satisfactory basis for decision.

Order will issue accordingly.