(Reap. Dec. 10590)

J. J. BOLL ET AL. v. UNITED STATES

Entry No. 982254, etc.

(Decided October 2, 1963)

*Jordan & Klingaman* (*Jacob L. Klingaman* and *Edward F. Jordan* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Daniel I. Auster, Morris Braverman*, and *Richard H. Welsh*, trial attorneys), for the defendant.

LAWRENCE, Judge: The 22 appeals for a reappraisement which are listed in the annexed schedule were consolidated for the purpose of hearing and determination. They relate to importations of steel twist drills, manufactured by R. Stock & Co. of Berlin-Marienfelde, Germany, pursuant to specifications supplied by Avildsen Tools & Machines, Inc., of New York, the actual importer.

At the first hearing, the contest was between the statutory foreign value of similar drills applied by the United States appraiser in evaluating the merchandise and statutory export value of such merchandise claimed by the importer.

After reviewing the record, the court was of the opinion the weight of competent evidence showed such marked differences in construction, composition, quality, and use between the twist drills sold for home consumption in Germany and those sold for export to the United States that no doubt remained in the mind of the court the subject merchandise was not similar to the twist drills sold for home consumption in Germany. Accordingly, the court held that the contention in support of similarity was without merit.

With respect to export value, the court found the evidence to be vitally defective in that it failed to establish the price at which the merchandise in controversy was freely offered for sale to all purchasers in the usual wholesale quantities.

The court, having found that the subject merchandise was not similar to the twist drills sold for home consumption in Germany, held it was error to appraise the merchandise on the basis of foreign value. And since there was also failure to establish statutory export value, the court, in the interest of justice, *sua sponte*, issued an order restoring the case to the calendar in order that both parties might have an opportunity to present evidence upon which a finding of value under one of the statutory bases might be made. The memorandum opinion accompanying that order is incorporated herein by reference. *J. J. Boll et al.* v. *United States*, 44 Cust. Ct. 737, Reap. Dec. 9717.

At the second trial, further evidence was introduced on behalf of the importer which failed to establish the elements of statutory export value, it appearing that no offers to sell such drills by Stock & Co. were made to any person or persons other than Avildsen Tools & Machines, Inc., either for home consumption in Germany or for export to the United States.

It was testified on cross-examination, however, that said twist drills were sold in usual wholesale quantities in the ordinary course of trade in the United States, and in order that the court might have adequate proof on which to base a proper finding of statutory value, the court again, *sua sponte*, restored the case to the calendar. This order was accompanied by a memorandum opinion, *J. J. Boll et al.* v. *United States*, 47 Cust. Ct. 456, Reap. Dec. 10076, which is incorporated herein by reference.

Without further reviewing the record in detail, suffice it to say, that, on May 16, 1962, a stipulation was filed herein and the case was finally submitted.

The stipulation, so far as pertinent here, reads as follows:

1. That during the period of exportation of the twist drills the subject of the appeals herein, all sales, in the United States, of the imported twist drills here involved, were made by Avildsen Tools and Machines, Inc., through selling agents appointed by them for designated areas therein; that said selling agents sold the said drills only to hardware jobbers and automotive warehouse distributors and refused to sell them to any other category of purchaser; that during the said period similar imported twist drills were not freely offered for sale or sold to all purchasers in the principal markets of the United States in the usual wholesale quantities and in the ordinary course of trade; and that the Customs Agent's report dated March 30, 1962, (File 3—1009 and AA 332.3 and Exhibits A and B attached thereto) annexed hereto, may be received in evidence and marked Defendant's Collective Exhibit H.

2. That if Cost of Production, as defined in Sec. 402(f), Tariff Act of 1930, is the proper basis for the determination of the value of the involved twist drills, it is represented by the entered values thereof plus 5 per cent.

3. That plaintiffs do not waive their contention that the entered values represent the export and dutiable values of the involved merchandise.

4. That defendant does not waive its contention that the appraised values represent the foreign and dutiable values of the involved merchandise.

The court in the two earlier memorandum opinions cited above having found that there was no foreign nor export value for the subject merchandise now concludes upon all the evidence that there was no United States value for said merchandise and accepts the cost of production agreed upon by the adversary parties.

Upon the record, the court makes the following findings of fact:

1. The subject merchandise consists of carbon steel twist drills and high-speed steel twist drills manufactured by R. Stock & Co. of Germany and sold and exported exclusively to Avildsen Tools & Machines, Inc., of New York.

2. That there was no statutory foreign value for such or similar merchandise.

3. That there was no statutory export value for such or similar merchandise.

4. That there was no statutory United States value for such or similar merchandise.

5. That the statutory cost of production, as defined in section 402 (f) of the Tariff Act of 1930 (19 U.S.C. § 1402(f)), is the proper basis for determining the statutory value of said merchandise.

6. That said cost of production of said merchandise is the entered value, plus 5 per centum.

The court concludes as matters of law—

1. The record establishes that there is neither statutory foreign, export, nor United States value for the subject merchandise.

2. That the proper statutory basis for appraising said merchandise is cost of production.

3. That the cost of production of said merchandise is the entered value thereof, plus 5 per centum.

Judgment will be entered accordingly.